UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LAURA BODNAR, GERALD BOWMAN, PHILLIP LAMERE, JENNIFER APOSTOLOS, TOM APOSTOLOS, LORENA ARNOLD, SHERRY BANNOS, KELLIE BEDNAR, KRISTINA BERTSCH, JOSEPH BIEL, NORMA BROWN, DEBORAH CARLBERG, DUANNA CARRIGAN, ALTA CHAVEZ, SUSAN CHUBBS, IMOGENE CLEMMONS, KEVIN DOWDLE, DOROTHY DUNCAN, YVONNE FARIAS, BARBARA GRACIN, JUNITA HAWKINS, THERESA HILL, TINA HONEYCUTT, ELIZABETH HUGHES, SHAWNA JACOBS, PAMELA JAMES, DEBRA KRALEK, AMY KRALEK, SANDRA MARINE, WILLIAM MCCLELLAND, RHONDA MCCUNE, NOEL MCPHEE, BRENDA MECCHIA, SANDRA MILLS, ANDREA MOELLER, TINA MUNSON, JANICE MURRAY, PATRICE NORENBERG, VICKI ORTIZ, LISA PARKS-SEARS, LAKESHA RIMMER, BEVERLY ROBINSON, MELISSA SAAVEDRA, DENNIS SCHAAFSMA, PHYLLIS SCHEFF, CONNIE SCHLEICHER, LISA SEARS-SULT, SHEREY SHOBLE, CAROLYN SUMMERS, LOVYE VANN, JACQUELINE VEAL, LINDA WALSH, MICHELE WEISS, PATRICIA WILLY, MELANIE WITHERSPOON, TIMOTHY ZAHORSKY, CAROLINE ZONDER, BOWMAN, HEINTZ, BOSCIA & VICIAN, P.C. 401(k) PLAN,<br>    Plaintiffs,<br><br>vs.<br><br>JOHN HANCOCK FUNDS, INC., BISYS GROUP, INC., INVESTORS BANK AND TRUST COMPANY JOHN HANCOCK FUNDS, INC. GROUP TRUST, JOHN HANCOCK MUTUAL LIFE INSURANCE CO.,<br>    Defendants. | Case No. 2:06-CV-87<br><br>CLASS ACTION<br><br>Jury Demanded |

**FIRST AMENDED CLASS ACTION COMPLAINT**

## FIRST AMENDED CLASS ACTION COMPLAINT

Come now, plaintiffs, Laura Bodnar, Gerald Bowman, Phillip LaMere, et al., individually and on behalf of all others similarly, situated, by counsel, Hoffman & Stochel by Robert E. Stochel, and Glenn S. Vician, and brings this action for breach of contract and under the Employee Retirement Income Security Act, 29 U.S.C. § 1132, et seq. ("ERISA" hereafter), and allege and say as follows:

### JURISDICTION AND VENUE

1. The jurisdiction of the Court is invoked as authorized by 29 U.S.C. § 1132(a) and (e).

2. Venue is proper in this district because the acts and transactions occurred here, plaintiffs reside here, and defendants transact business here.

### PARTIES

3. Laura Bodnar, Gerald Bowman, et al. are residents of the State of Indiana and participants in the Bowman, Heintz, Boscia & Vician, P.C. 401(k) plan which was instituted in Merrillville, Indiana.

4. John Hancock Funds, Inc. is a Delaware Corporation that does business in the State of Indiana.

5. Investors Bank and Trust Company is a trustee that does business in the State of Indiana.

6. John Hancock Funds, Inc. Group Trust is a Delaware Corporation that does business in the State of Indiana.

7. John Hancock Mutual Life Insurance Company is a Delaware Corporation that does business in the State of Indiana.

8.     The Bisys Group, Inc. ("Bisys") is a New York Corporation that does business in the State of Indiana.

## BACKGROUND

9.     On April 1, 1995, Bowman, Heintz, Boscia & Vician, P.C. 401(k) plan ("BHBV Plan") entered into a contract with the defendants, John Hancock Funds, Inc. ("JHFI") and Investors Bank and Trust Company, creating the John Hancock Funds, Inc. Group Trust ("Group Trust"); that a true copy of such contract (Adoption Agreement) is attached hereto as Exhibit "A", incorporated by reference herein and made a part hereof.

10.    The Adoption Agreement attached herewith as Exhibit "A" makes reference to other agreements and documents to which the plaintiffs are not a party and of which the plaintiffs never received a copy, nor were Plaintiffs made aware of the specific terms and conditions thereof.

11.    The Adoption Agreement is complex and ambiguous.

12.    The Adoption Agreement was drafted by one or more of the defendants. Pursuant to the terms of the Adoption Agreement, the Group Trust would purchase a John Hancock group annuity contract ("GAC") each calendar quarter with the net contributions made to the Group Trust by the plan participants through the BHBV Plan.

13.    The BHBV Plan was entitled to participate in all assets of the Group Trust and at any time the Group Trust was required to credit interest in all then outstanding GAC's in an amount equal to its prorated share of the Group Trust.

14.    Under the terms of the Adoption Agreement, the BHBV Plan, as a participating plan and/or the plan participants were permitted to discontinue making contributions to the Group Trust at any time, and the BHBV participating plan and/or plan participants could further withdraw

contributions previously made, together with earnings thereon, at any time, subject to the terms of the contract attached to this Complaint.

15.     From time to time on and after April 1, 1995 to October 2005, the named plaintiffs and the plan participants had made various contributions to the assets of the Group Trust, and at other times had made various withdrawals through such Group Trust.

16.     One of the funds that the BHBV plan participants could contribute monies to a fund designated by JHFI as the JHFI Stable Value Trust.

17.     From April 1995 through October 2005, a course of dealing and course of performance developed between the plaintiffs and the defendants whereby the plaintiffs were never charged a fee or cost for transferring funds into or out of the JHFI Stable Value Trust.

18.     From April 1995 through September 2005, plaintiffs were never charged by the defendants a "transfer adjustment factor" as such term is hereafter defined.

19.     The only document in plaintiffs' possession that explains the terms and conditions of the plan benefits, was the Adoption Agreement attached hereto as Exhibit "A"; the plaintiffs never had possession of, nor access to any document that would describe how, when and in what amount the defendants would charge a "transfer adjustment factor" when funds are withdrawn from the JHFI Stable Value Trust.

20.     The defendants were obligated to specify and compute interest on the net contributions made by the plan participants.

21.     The Adoption Agreement requires the defendants to provide a credit to each named plaintiff's account of all interest earned on the contributions made to the JHFI Stable Value Trust.

## COUNT I.

### Denial of Benefits Due to Wrongful Assessment of Transfer Adjustment Factor

22. The contract between the BHBV Plan and the defendants included the following specific language regarding unscheduled transfers:

> In the event that at Participating Plan is no longer a full service 401(k) client of JHFI . . . the Participating Plan shall be deemed to have requested an Unscheduled Transfer of its entire transferable balance (as defined above) in accordance with the above or with the following: the transferable balance multiplied by a transfer adjustment factor will be transferred in a lump sum on a business day specified as the transfer date by the Participating Plan in a written notice, provided it is not less than ninety days after receipt of such notice by the John Hancock. A statement of the applicable procedures to determine the transfer adjustment factor will be furnished to the Participating Plan upon request.

23. From April 1, 1995 through June 18, 2001, BHBV Plan was a full service client of JHFI, to the extent that JHFI provided full and complete 401(k) services to the BHBV Plan.

24. On June 19, 2001, JHFI provided notice to the BHBV Plan and the plan participants that JHFI was no longer willing to provide full service 401(k) services including administrative and record keeping services to the BHBV Plan and the plan participants because JHFI spun off to Universal Pensions, Inc. ("UPI") numerous pension administrative and record keeping services, which effectively terminated the full services that JHFI was originally providing to the BHBV Plan.

25. Subsequent to June 2001, Bisys became the successor to UPI with respect to pension administrative services originally provided by UPI.

26. JHFI effectively unbundled the BHBV 401(k) plan as of June 19, 2001, which events instituted by JHFI meant that the BHBV participating plan was no longer a full service 401(k) client of JHFI.

27. As of October 14, 2005, the BHBV plan and its participants had invested and owned assets of at least $999,323.70 in the JHFI Stable Value Trust.

28. By reason of the unilateral actions of JHFI in terminating full services to the BHBV Plan, there was by operation of the Adoption Agreement an unscheduled transfer of the entire transferable balance of the BHBV Plan participants under the terms of the defendants' Adoption Agreement

29. Notwithstanding the unscheduled transfer, JHFI and the other defendants failed to establish "any transfer adjustment" factor with respect to the unscheduled transfer that occurred at the point in time when JHFI terminated its full service 401(k) client relationship with the BHBV Plan and the plan participants in June 2001, and failed to establish any fees or charges relating to such unscheduled transfer.

30. JHFI and the other defendants failed to notify or bill the BHBV plan for any special services and further failed to provide notification of any transfer adjustment factor with respect to the unscheduled transfer that occurred at the point in time when JHFI withdrew its services as a full services 401(k) plan for the BHBV Plan participants.

31. In July 2005, the BHBV Plan on its own behalf and on behalf of the plan participants communicated to the plan administrator, Bisys, of a decision by the plan and plan participants to transfer any remaining BHBV Plan assets in the John Hancock Stable Value Trust to a new investment option.

32. Bisys communicated with JHFI on and after July 2005, in order to arrive at an agreed upon transfer date with the BHBV Plan.

33. JHFI made a unilateral decision to establish a transfer date of October 14, 2005, as a recommended most favorable date of transfer or liquidation for JHFI.

34. In July, 2005, an authorized representative of the BHBV Plan communicated with Bisys, as the agent for the defendants, and specifically requested a breakdown of any and all costs or fees associated with the transfer of assets, including assets from the John Hancock Stable Value Trust to the new investment options.

35. JHFI communicated to the BHBV plan participants through Bisys that the only and total expense for the transfer of funds from JHFI would be the sum of less than $1,500.00.

36. The BHBV plan paid the fee requested by Bisys and JHFI as the only and total expense for the transfer of funds from JHFI.

37. Other than the fees and costs described in paragraph 35, in the sum of $1,400.00, JHFI never communicated to the BHBV Plan, or to the plan participants of any other specific fees or transfer adjustment factor that would be associated with the transfer of funds from the John Hancock Stable Value Trust on October 14, 2005.

38. That notwithstanding the defendants' representations regarding the only fees and costs that would be charged to the plan and/or its participants with respect to the withdrawal of funds from the JHFI Stable Value Trust, the defendants did charge and therefore denied benefits to the named plan participants a transfer adjustment factor totaling at least $45,385.29.

39. The denial of benefits, suffered by the named plaintiffs, are described as follows:

| NAME | AMOUNT |
|---|---|
| Laura Bodnar | $3,512.38 |
| Gerald Bowman | $3,445.56 |
| Phillip LaMere | $2,032.87 |
| Jennifer Apostolos | $   22.88 |
| Tom Apostolos | $   83.58 |
| Lorena Arnold | $   62.55 |
| Sherry Bannos | $   64.42 |
| Kellie Bednar | $   43.24 |

| | |
|---|---|
| Kristina Bertsch | $ 26.43 |
| Joseph Biel | $2,051.12 |
| Catherine Brockett | $ 62.88 |
| Norma Brown | $ 3.67 |
| Deborah Carlberg | $ 25.33 |
| Duanna Carrigan | $ 34.33 |
| Alta Chavez | $ 23.66 |
| Susan Chubbs | $ 35.31 |
| Imogene Clemmons | $ 22.81 |
| Kevin Dowdle | $ 49.56 |
| Dorothy Duncan | $1,545.29 |
| Yvonne Farias | $ 24.63 |
| Carmen Gill | $ 0.61 |
| Barbara Gracin | $ 19.37 |
| Junita Hawkins | $ 77.85 |
| Tina Hayes | $ 11.94 |
| Theresa Hill | $ 130.92 |
| Tina Honeycutt | $ 117.70 |
| Christopher Huggins | $ 0.01 |
| Elizabeth Hughes | $ 442.89 |
| Shawna Jacobs | $ 62.84 |
| Pamela James | $ 54.77 |
| Debra Kralek | $ 19.76 |
| Amy Kralek | $ 94.77 |
| Sandra Marine | $ 25.22 |
| William McClelland | $9,114.25 |
| Janine McColley | $ 13.85 |
| Rhonda McCune | $ 26.66 |
| Nicole McGee | $ 25.60 |
| Noel McPhee | $ 22.12 |
| Brenda Mecchia | $ 35.37 |
| Sandra Mills | $ 74.56 |
| Andrea Moeller | $ 20.98 |
| Tina Munson | $ 48.62 |
| Michael Murchek | $ 6.23 |
| Janice Murray | $ 22.98 |
| Danielle Nolan | $ 16.68 |

| | |
|---|---|
| Patrice Norenberg | $ 17.43 |
| Vicki Ortiz | $ 27.29 |
| Mark Palm | $ 45.19 |
| Lisa Parks-Sears | $ 19.80 |
| Kayanna Patton | $ 1.87 |
| Amy Jo Pearce | $ 26.83 |
| Heather Rhynearson | $ 4.07 |
| Lakesha Rimmer | $ 13.23 |
| Beverly Robinson | $ 34.90 |
| Melissa Saavedra | $ 38.06 |
| Dennis Schaafsma | $ 792.49 |
| Phyllis Scheff | $ 44.52 |
| Connie Schleicher | $ 723.49 |
| Christina Schulatz | $ 9.15 |
| Amy Scrivnor | $ 21.69 |
| Lisa Sears-Sult | $ 20.39 |
| Sherey Shoble | $ 77.01 |
| Dymeka Smith | $ 27.74 |
| Angela Snyder | $ 15.16 |
| Debbie Soliday | $ 6.45 |
| Carolyn Summers | $ 24.69 |
| Jill Urbanski | $ 87.87 |
| Lovye Vann | $ 14.27 |
| Jacqueline Veal | $ 40.01 |
| Linda Walsh | $ 15.74 |
| Michele Weiss | $ 27.31 |
| Patricia Willy | $ 13.69 |
| Melanie Witherspoon | $ 22.06 |
| Tammy Yarrington | $ 48.31 |
| Timothy Zahorsky | $1,521.52 |
| Caroline Zonder | $1,198.05 |

40. The charges, by the defendants of the sum of $45,385.29 against the distributions made to each of the plaintiffs described above, was a wrongful denial to such plaintiffs of benefits which had accrued to them under the BHBV plan.

9

41.     Neither the BHBV plan, nor the plaintiffs described above, acquiesced or agreed upon the denial of benefits described above.

42.     That demand was put upon the defendants to reimburse the BHBV plan and the plan participants for the wrongful denial of benefits, but such demand was wholly ignored by the defendants.

43.     That pursuant to the terms of the Employee Retirement Income Security Act of 1974 (ERISA) plaintiffs are entitled to judgment versus the defendants for the amount of benefits denied them as described above, along with attorney fees and costs, all pursuant to 29 U.S.C. §1132, *et. seq.*

**WHEREFORE**, plaintiffs pray for judgment versus the defendants, jointly and severally, for an amount equal to the denial of benefits described above, for interest from October 1, 2005, for attorney fees and for all other just and proper relief in the premises.

## COUNT II

### Failure to Pay Earned Interest

44.     Plaintiffs' incorporate by reference the allegations contained in rhetorical paragraphs 1 through 43 above.

45.     The defendants' had a fiduciary duty and contractual obligation owed to the plan participants to accrue pay interest on the sums that the plan participants had invested in the JHFI Stable Value Trust.

46.     The contract between the defendants and the named plaintiffs, as plan participants, provided that interest would accrue and be credited to the plan participants' accounts.

47. The defendants breached their fiduciary duties and contractual obligations to provide full payment and/or credit for all interest earned on the sums that the plan participants had invested in the JHFI Stable Value Trust.

48. That by reason of the failure and refusal of the defendants to accrue and/or pay or credit interest earned on the contributions made by the plaintiffs on the BHBV plan and on the JHFI Stable Value Trust, the defendants denied the plaintiffs benefits which are attributable to them under the BHBV plan.

49. That the defendants are liable to the plaintiffs for the failure to pay such benefits as provided for at 29 U.S.C. §1132.

50. That the plaintiff are further entitled to interest on all benefits that have not been paid to them pursuant to the provisions of the BHBV plan and the Adoption Agreement and further are entitled to recover attorney fees and costs related to this matter and the plaintiffs claims for return of denied benefits.

**WHEREFORE**, plaintiffs pray for judgment versus the defendants in an amount equal to all interest which accrued on such plaintiffs' benefits plans through October 1, 2005, plus interest thereon, reasonable attorney fees and for all other just and proper relief in the premises.

### COUNT III

### Breach of Fiduciary Duties

51. Plaintiffs incorporate by reference herein the allegations contained in rhetorical paragraphs 1 through 50 above.

52. The defendants owed a fiduciary duty to the plan participants to provide a full and complete disclosure of any and all expenses, charges or fees associated with the transfer or withdrawal of contributions from JHFI.

53. The assessment of a transfer of interest factor against the contributions made by the plaintiffs to the BHBV plan was discretionary on the part of the defendants; said defendants breached their discretionary authority by assessing a transfer adjustment factor under the circumstances described in paragraph 38 and 39 above.

54. The defendants failed and refused to provide the plaintiffs, including the Plan Participants with any information or disclosures regarding the fees or charges related to the purported "transfer adjustment factor" that the defendants eventually charged at the time of the transfer or withdrawal of funds from JHFI.

55. Defendants further breached fiduciary duties, responsibilities and obligations imposed upon them by contract and under ERISA, and are personally liable to make good to the BHBV Plan any and all losses to the plan resulting from such breach, and must restore to such plan any profits of such fiduciary(s) which have been made through use of assets of the plan by the fiduciary, pursuant to 29 U.S.C. § 1109(a).

56. The failure and refusal of the defendants to accrue and pay or credit interest on the contributions made by the plaintiffs on the BHBV plan was a further breach of their fiduciary duties.

57. The actions of the defendants in denying the benefits to the plaintiffs as described in Counts I and II above, were intentional and without legal justification.

58. Pursuant to 29 U.S.C. §1132, plaintiffs are entitled, in part, to the following relief: judgment versus such defendants by reason of the breach of their fiduciary duties for an amount equal to all benefits denied, interest on such denied benefits and attorney fees.

**WHEREFORE**, plaintiffs pray for judgment versus the defendants by reason of their breach of fiduciary duties, for all benefits denied to such plaintiffs as described above, for interest on such denied benefits, for attorney fees and for all other just and proper relief in the premises.

## CLASS ALLEGATIONS

### COUNT IV

### Wrongful Failure to Accrue and Pay Over or Credit Earned Interest

59. That the defendants regularly engage and have engaged in the administration of 401(k) plans similar to the plan participants' standard contract, which was drafted by JHFI.

60. The Class consists of more than 75 persons who had money invested or who had made contributions in or to the JHFI Stable Value Trust since March 10, 2002, and who withdrew money or funds from such JHFI Stable Value Trust since that date.

61. Plaintiffs' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

62. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a

risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. The defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

63. The named plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class because defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, the named plaintiffs have retained counsel experienced in class action litigation, including class actions brought for breach of contract.

**WHEREFORE**, plaintiffs pray as follows:

1. That this Court certify this action as a class action as provided for under ERISA Law:

2. That this Court appoint Laura Bodnar and the other named plaintiffs as representatives of the class and their attorneys as class counsel;

3. That this Court declare the defendants' practices as described above in violation of the contract with the plan participants and in violation of ERISA;

4. That this Court enter judgment in favor of Laura Bodnar, the named plaintiffs and the class and against the defendants, jointly and severally, for statutory damages, costs and reasonable attorney fees, and;

5. For such other relief that is just and proper in the circumstances.

## COUNT V

### Wrongful Charge of Transfer Adjustment Factor

64. That the defendants regularly engage and have engaged in the administration of 401(k) plans similar to the plan participants' standard contract, which was drafted by JHFI.

65. The Class consists of more than 75 persons who had money invested or who had made contributions in or to the JHFI Stable Value Trust since March 10, 2002, and who withdrew money or funds from such JHFI Stable Value Trust since that date.

66. Plaintiffs' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

67. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. The defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

68. The named plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of

the Class because defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, the named plaintiffs have retained counsel experienced in class action litigation, including class actions brought for breach of contract.

**WHEREFORE**, plaintiffs pray as follows:

1. That this Court certify this action as a class action as provided for under ERISA Law:

2. That this Court appoint Laura Bodnar and the other named plaintiffs as representatives of the class and their attorneys as class counsel;

3. That this Court declare the defendants' practices as described above in violation of the contract with the plan participants and in violation of ERISA;

4. That this Court enter judgment in favor of Laura Bodnar, the named plaintiffs and the class and against the defendants, jointly and severally, for statutory damages, costs and reasonable attorney fees, and;

5. For such other relief that is just and proper in the circumstances.

## JURY DEMAND

Laura Bodnar, Gerald Bowman, Phillip LaMere and the other named plaintiffs for themselves and on behalf of all others similarly situated, demand trial by jury.

                                       Laura Bodnar, Gerald Bowman, Phillip LaMere, et al., individually and on behalf of all others similarly situated

                                       Respectfully submitted:

                                       <u>s/ROBERT E. STOCHEL</u>
                                       BY: Robert E. Stochel, Atty. No. 1686-45
                                       Hoffman & Stochel
                                       One Professional Center, Suite 306

Crown Point, In 43607
Phone: (219) 662-0165
Fax: (219) 662-2151
E-Mail: res@reslaw.org

Glenn S. Vician, Atty. No. 954-45
Bowman Heintz Boscia & Vician, P.C.
8605 Broadway
Merrillville, IN 46410
Phone: (219) 769-6671
Fax: (219) 738-3044
E-Mail: bhbv@netnitco.net

**Certificate of Service**

I hereby certify that on June 26, 2006, a copy of the above pleading(s) was filed electronically. Notice of this filing will be sent to the parties of record by operation of the court's electronic filing system. Parties may access this filing through the court's system.

s/**ROBERT E. STOCHEL**
BY: Robert E. Stochel, Atty. No. 1686-45
Hoffman & Stochel
One Professional Center, Suite 308
Crown Point, In 43607
Phone: (219) 662-0165
Fax: (219) 662-2151
E-Mail: res@reslaw.org