UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| Laura Bodnar, *et al.*, | ) | CASE NO. 2:06-CV-087 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| John Hancock Funds, Inc., Bisys Group, | ) | |
| Inc., Investors Bank and Trust Company, | ) | |
| John Hancock Funds Inc. Group Trust, | ) | |
| John Hancock Mutual Life Insurance Co., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF THE HANCOCK
DEFENDANTS' MOTION TO DISMISS COUNTS I AND III
OF THE FIRST AMENDED COMPLAINT AND FOR A MORE
<u>DEFINITE STATEMENT WITH RESPECT TO COUNT II</u>**

The Defendants, John Hancock Funds, Inc. ("JHFI"), John Hancock Funds, Inc., Group Trust (the "Trust') and John Hancock Mutual Life Insurance Company ("John Hancock") (collectively, the "Hancock Defendants"), through undersigned counsel, hereby file this Memorandum of Law in Support of the Hancock Defendants' Motion to Dismiss Counts I and II of the First Amended Complaint ("Amended Complaint') and for a More Definite Statement with Respect to Count II. Specifically, as articulated below, the Hancock Defendants request the following relief: Counts I and III of Plaintiffs' Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because they fail as a matter of law, and, as to Count II, the court should order Plaintiffs to file a more definite statement pursuant to Fed. R. Civ. P. 12(e) because the claim is too vague and ambiguous for the Hancock Defendants to articulate a response.

## I. INTRODUCTION

This action arises out of the participation of the Bowman, Heintz, Boscia and Vician, P.C. 401k Plan (the "Plan") in the Trust. The Trust served as a vehicle to fund benefits for the Plan and similar plans through the Trust's purchase of group annuity contracts (the "Group Annuity Contracts") issued by the Defendant John Hancock. The Plan subscribed to participate in the Trust through the execution of an Adoption Agreement (the "Adoption Agreement").[1]

Under the terms of the Adoption Agreement, any lump transfer of the balance of a plan's funds invested in the Group Annuity Contracts to a different investment vehicle would be subject to reduction pursuant to the application of a "transfer adjustment factor." According to the Amended Complaint filed by certain Plan participants ("Plaintiffs"), in July 2005, the Plan determined that it would make a lump sum transfer of all of the Plan's assets in the Trust to a new investment vehicle. Amended Complaint, ¶ 31. Consistent with the terms of the Adoption Agreement, as described above, the amount of such transfer, which was effected in October 2005, was reduced by a transfer adjustment factor, allegedly resulting in a reduction of the Plaintiffs' Plan benefits in the amount of $45,385.29. *Id.*, ¶¶ 38-39.

While in no way disputing that the relevant contractual documents provided for the application of a transfer adjustment factor to the Plan's October 2005 lump sum transfer, the Amended Complaint alleges that the reduction of the lump sum transfer as a result of the transfer adjustment factor constituted a "wrongful denial to [the Plaintiffs] of benefits which had accrued to them under the [Plan]." *Id.*, ¶ 40. Count I of the Amended

---

[1]   Plaintiffs attached the Adoption Agreement to the Amended Complaint. For the Court's convenience, the same agreement is included as Exhibit A to the Appendix of Exhibits.

Complaint claims that Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA") by wrongfully denying Plaintiffs such Plan benefits and seeks the recovery of such benefits, attorneys' fees and costs. *Id.*, ¶ 43.

Count III similarly seeks the recovery of such benefits, alleging that the assessment of the transfer adjustment factor and Defendants' failure to provide disclosures to Plaintiffs regarding the transfer adjustment factor constituted breaches of fiduciary duties by the Defendants under ERISA. *Id.*, ¶¶ 53-54.

Finally, Count II of the Complaint alleges that the Defendants "breached their fiduciary duties and contractual obligations to provide full payment and/or credit for all interest earned on the sums that the plan participants had invested in [the Trust]." *Id.*, ¶ 47. Count II, however, fails to include any specific allegations as to how Defendants purportedly deviated from the detailed contractual provisions setting forth how and in what amounts interest was to be credited to the Plan.

As discussed in greater detail below, Plaintiffs' claim for wrongful denial of Plan benefits under ERISA (Count I) should be dismissed against the Hancock Defendants because Plaintiffs have not alleged nor could they allege that the application of the transfer adjustment factor to the Plan's October 2005 lump sum transfer was contrary to the explicit terms of the Adoption Agreement.

Count III for breaches of fiduciary duty under ERISA should be dismissed because Plaintiffs have failed to allege any facts that would be sufficient as a matter of law to make any of the Hancock Defendants fiduciaries within the meaning of ERISA. To the contrary, the only fiduciary "discretion" which Count III alleges was exercised by the Hancock Defendants was the assessment of the transfer adjustment factor to the funds

BDDB01 4488497v1

withdrawn by the Plan. However, this fiduciary allegation is insufficient as a matter of law because the U.S. Court of Appeals for the Seventh Circuit has consistently held that the enforcement of a contract in accordance with its terms does not render a party a "fiduciary."

Moreover, the relief sought in Count III (*i.e.*, the recovery of Plaintiffs' benefits purportedly wrongfully denied as a result of the application of the transfer adjustment factor) is not recoverable as relief for a breach of fiduciary duty. Such relief may only be obtained pursuant to ERISA Section 502(a)(1)(B) which authorizes a plan participant to "recover benefits due to him under the terms of his plan . . . ."  29 U.S.C. § 1132(a)(1)(B).

As to Count II (and any other Count, to the extent it is predicated on a purported failure to credit interest), the Hancock Defendants are entitled to a more definite statement pursuant to Fed. R. Civ. P. 12(e). Specifically, Plaintiffs fail to allege how and to what extent the Hancock Defendants deviated from the terms of the Adoption Agreement, which explicitly states how and in what amounts interest was to be credited to funds held in the Trust.

## II.   STATEMENT OF FACTS AND ALLEGATIONS

### A.   The Parties

#### 1.   Plaintiffs

The Plaintiffs are numerous individuals who are alleged to be residents of the State of Indiana and participants in the Plan. Amended Complaint, ¶ 3.

4

### 2. Defendants

The defendants in this action are John Hancock, JHFI, Investors Bank and Trust Company (the "Trustee"), the Trust and Bisys Group, Inc. ("Bisys") (collectively, the "Defendants"). *Id.*, ¶¶ 4-8.

Defendant, JHFI, was a party to the Adoption Agreement through which the Plan agreed to participate in the Trust. Adoption Agreement, p. 1. The Trust is a group trust which the Plan (and similar plans) used as an investment vehicle for funds allocated by plan participants to a plan's "stable value" investment option.[2] *Id.* Its operation is described further below. The Trustee acted as trustee for the Trust. *Id.* Defendant, John Hancock, issued Group Annuity Contracts quarterly to the Trust as the investment vehicle for the participating plans' Trust contributions. *Id.*, § I. Defendant Bisys performed certain administrative and recordkeeping services related to the Plan's "stable value" investment option commencing in June 2001. Amended Complaint at ¶¶ 24-25.

### 3. The Trust

As noted previously, the Plan chose to participate in the Trust by entering into the Adoption Agreement with JHFI. Only the Plan, not any of its participants, is a party to the Adoption Agreement. Adoption Agreement, p. 1 & § III. Under the Adoption Agreement, none of the Hancock Defendants undertook any obligations to any Plan participants, collectively or individually. All of the Hancock Defendants' obligations, including those at issue in this case, were made directly to the Plan and the one or more Plan fiduciaries who executed the Adoption Agreement on behalf of the Plan. *Id.*, § III.

---

[2] Most 401(k) plans offer participants a variety of different investment options to which they can allocate their plan contributions. The term "stable value" option usually refers to a fixed income option which provides a rate of interest declared to participants in advance and no diminution in the principal amount of their account balances allocated to such option.

5

Pursuant to the Adoption Agreement, the Plan contributed funds to the Trust which, in turn, invested such funds in Group Annuity Contracts issued by John Hancock. Adoption Agreement, § I. Such Group Annuity Contracts were purchased quarterly by the Trust from John Hancock from the participating plans' contributions to the Trust. Amended Complaint, ¶ 12. Each of the Group Annuity Contracts has a fixed, guaranteed rate of interest credited over the Contract's specified maturation period. Adoption Agreement, § II.A. The specific terms setting forth how, if, and what amounts of interest is credited is set forth in detail in the Adoption Agreement. *Id.* Each participating plan's interest in any Group Annuity Contract is proportional to its share of aggregate contributions to the Trust in the quarter for which such Group Annuity Contract is issued. *Id.*, § I.

Plans participating in the Trust have the right to withdraw amounts from the Trust to accommodate plan participant requests for withdrawals and/or benefits under the terms of the Plan. *Id.*, § II.B. Such Plans also have the right to withdraw the full amount of their funds held in the Trust for transfer to another investment vehicle or any other reason. *Id.*, § II.D. Such Plan directed withdrawals are referred to in the Adoption Agreement as "Unscheduled Transfers."[3] *Id.* At the election of the Plan, such Unscheduled Withdrawals of the Plan's investment in the Trust may be made either in installments or in a lump sum. *Id.* In the event that a lump sum transfer is requested by the Plan, the Adoption Agreement explicitly provides that such lump sum transfer is "***subject to the application of a transfer adjustment factor.***" *Id.* (emphasis supplied).

---

[3]  An "Unscheduled Transfer" "is any transfer other than a permitted participant withdrawal described in [§ II.B.] ... or a scheduled repayment described in [§ II.C.]." Adoption Agreement, § II.D. The Amended Complaint does not question that the October 2005 lump sum transfer of the Plan's assets out of the Trust was an Unscheduled Transfer under the terms of the Adoption Agreement.

6

The Adoption Agreement further provides that "[a] statement of the applicable procedures to determine the transfer adjustment factor will be furnished to the Participating Plan upon request." *Id.*

As alleged in the Amended Complaint, in July 2005, the Plan communicated to Bisys its decision to make a lump sum transfer of all remaining Plan assets in the Trust to a new investment vehicle. Amended Complaint, ¶ 31. This transfer was effectuated in October 2005. *Id.*, ¶ 33. In accordance with the terms of the Adoption Agreement, a transfer adjustment factor was applied to the October 2005 lump sum transfer. Plaintiffs allege that the application of the transfer adjustment factor resulted in a reduction of the Plan benefits to which they were entitled. Amended Complaint, ¶¶ 38-39.

Although the Amended Complaint alleges that the applicability of the transfer adjustment factor to the lump sum withdrawal was not disclosed to the Plan,[4] as demonstrated above, such applicability of the transfer adjustment factor to the Plan's October 2005 lump sum transfer was explicitly set forth in the Adoption Agreement. *Id.*, § II.D.

### III.   THE AMENDED COMPLAINT'S CLAIMS

The gravamen of Plaintiffs' Amended Complaint is that one or more of the Defendants wrongfully assessed a transfer adjustment factor on the Plan's October 2005 lump sum transfer. Count I characterizes the application of such adjustment as a wrongful denial of benefits to participants under ERISA. Amended Complaint, ¶ 40. Count III characterizes such application of the transfer adjustment factor as a breach of fiduciary duty under ERISA. *Id.*, ¶ 53. Pursuant to both Counts I and III, Plaintiffs seek

---

[4]   Amended Complaint, ¶ 37.

as relief the recovery of benefits which they were purportedly denied as a result of the application of the transfer adjustment factor. *Id.*, ¶¶ 39-43, 51-58.[5]

Count II of the Amended Complaint alleges that (i) "[t]he [D]efendants had a fiduciary and contractual obligation . . . to accrue [and] pay [*sic*] interest on the sums that the plan participants had invested in the [Trust]" and (ii) "[t]he [D]efendants breached their fiduciary duties and contractual obligations to provide full payment and/or credit for all interest earned on the sums that the plan participants had invested in the Trust." *Id.*, ¶¶ 45, 47. Count II fails to allege in what respect the Defendants failed to credit interest in the manner and/or at the rates promised under the Adoption Agreement. This claim, too, is brought under ERISA. *Id.* at ¶ 49.[6]

---

[5] The Amended Complaint alleges that these claims are brought under ERISA Section 502 without specifying which subsections of 502(a) each count is brought. It can be presumed, however, that Count I is intended to be brought under ERISA Section 502(a)(1)(B) which authorizes plan participants to bring an action to recover plan benefits. It can be further presumed that Count III is intended to be brought under ERISA Section 502(a)(3) which is the only subsection of Section 502 which has been found by the courts to authorize relief to individual plan participants for purported breaches of fiduciary duties. Amended Complaint, ¶¶ 43, 58.

Section 502(a)(1)(B) provides, in relevant part:

> A civil action may be brought
>
> > (1) by a participant or beneficiary –
> >
> > > (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B).

Section 502(a)(3) provides, in relevant part:

> A civil action may be brought
>
> > (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan.

29 U.S.C. § 1132(a)(3).

[6] Counts IV and V of the Amended Complaint merely request certification of a class and classwide relief for the purportedly wrongful conduct alleged in Counts I through III, which assertions are addressed by this motion and, in any event, denied.

IV.     **ARGUMENT**

    A.     **The Defendants Assessment of a Transfer Adjustment Factor Did Not Constitute a Wrongful Denial of Benefits to the Plaintiffs**

As demonstrated above, the Adoption Agreement explicitly provides that a lump sum transfer from the Trust of all of the Plan's assets will be subject to a transfer adjustment factor:

> In the event that an Unscheduled Transfer of the entire transferable balance is requested on behalf of an employer-directed Participating Plan, such Participating Plan may choose to receive such transfer either in installments (as described above) ***or in a lump sum subject to the application of a transfer adjustment factor (as described above)*** . . .

Adoption Agreement, § II.D. (emphasis supplied). The Amended Complaint makes it clear that the lump sum transfer requested by the Plan in July 2005 was precisely the type of transfer to which a transfer adjustment factor was applicable under the terms of the Adoption Agreement:

> In July 2005, the [Plan] on its own behalf and on behalf of the plan participants communicated to the plan administrator, Bisys, of a decision by the plan and plan participants to transfer any remaining [Plan] assets in the [Trust] to a new investment option.

Complaint, ¶ 31.

The Amended Complaint nowhere disputes (nor could it dispute) that, under the terms of the Adoption Agreement, a transfer adjustment factor was applicable to the lump sum transfer of the Plan's assets held in the Trust. Under such circumstances, there is no basis for any claim that the application of the transfer adjustment factor constituted a wrongful denial of Plan benefits actionable under ERISA. Accordingly, Count I should be dismissed as to the Hancock Defendants.

9

### B. Count III of the Amended Complaint Fails as a Matter of Law

#### 1. The Amended Complaint Fails to Plead Facts Sufficient to Make Any of the Hancock Defendants ERISA Fiduciaries

Count III of the Amended Complaint alleges that the Defendants breached their fiduciary duties under ERISA by assessing a transfer adjustment factor against the Plan's October 2005 transfer. Amended Complaint, ¶ 53. The Amended Complaint, however is devoid of any factual allegations which would cause any or all of the Hancock Defendants to be deemed to be a fiduciary as that term is defined in ERISA. *See Pappas v. Buck Consultants, Inc.*, 923 F.2d 531, 534-38 (7th Cir. 1991) (upholding the district court's dismissal of the plaintiff's breach of fiduciary duty cause of action for failure to state a claim because the complaint "failed to allege facts sufficient to establish that defendants fit the statutory definition of a fiduciary under ERISA."). *See also Custer v. Sweeney*, 89 F.3d 1156, 1163 (4th Cir. 1996) (affirming a dismissal of an ERISA complaint and noting that it lacked sufficient factual allegations to support the claim that the defendant was a *de facto* fiduciary of the ERISA plan.).

Section 3(21)(A) of ERISA defines a "fiduciary" as follows:

> Except as otherwise provided in subparagraph (B), a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under [§ 405(c)(1)(B).]

10

29 U.S.C. §1002 (21)(A). The Amended Complaint fails to offer any explanation as to why any of the Hancock Defendants are "fiduciaries" pursuant to this definition nor does it allege any facts which, if accepted as true for purposes of this motion, would bring any of the Hancock Defendants under such definition.

The only conduct of any of the Hancock Defendants that the Amended Complaint even remotely suggests involved the type of discretionary authority or control over the management and/or administration of the Plan or the management or disposition of the Plan's assets required under ERISA Section 3(21) was the application of the transfer adjustment factor to the October 2005 transfer of the Plan's assets from the Trust. Complaint, ¶ 53 ("The assessment of a transfer of interest factor against the contributions made by the [P]laintiffs to the [Plan] was discretionary on the part of the [D]efendants; said [D]efendants breached their discretionary authority by assessing a transfer adjustment factor under the circumstances described in paragraphs 38 and 39 above.") The courts have long held, however, that for ERISA purposes "[n]o discretion is exercised when an insurer merely adheres to a specific contract term," as is true in this case. *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.*, 805 F.2d 732, 737 (7th Cir. 1986) (citing *Schulist v. Blue Cross*, 717 F.2d 1127, 1132 (7th Cir. 1983)); *Harris Trust & Savings Bank v. John Hancock Mut. Life Ins. Co.*, 302 F.3d 18, 29 (2d Cir. 2002) (*quoting Ed Miniat*, 805 F.2d at 737).[7] Further, the mere fact that a contractual term may

---

[7] *See also Seaway Food Town, Inc. v. Med. Mut. of Ohio*, 347 F.3d 610, 618 (6th Cir. 2003) ("We agree with the Seventh Circuit's reasoning that where parties enter into a contract term at arm's length and where the term confers on one party the unilateral right to retain funds as compensation for services rendered with respect to an ERISA plan, that party's adherence to the term does not give rise to ERISA fiduciary status unless the term authorizes the party to exercise discretion with respect to that right.") (citations omitted); *Dzinglski v. Weirton Steel Corp.*, 875 F.2d 1075, 1080 (4th Cir. 1989) ("As we have noted, the Retirement Committee acted in accordance with the terms of the plan. To adhere to the plan is not a breach of fiduciary duty.") (citations omitted); *Fechter v. Conn. Gen. Life Ins. Co.*, 800 F. Supp. 182, 199-200 (E.D. Pa. 1992) ("The Courts have consistently and repeatedly held that if a specific contractual

be waived does not make the application of that term discretionary. *Harris Trust*, 302 F.3d at 27-28 (noting that the defendant "could choose to waive the contractual requirements, just as could any party to any contract, but that cannot mean that [the defendant] has an *obligation* to do so" and concluding that it did "not believe that 'discretionary authority' can be read to include any concession a plan administrator could gratuitously make to a plan's trustee.") (emphasis in original).

As demonstrated above, the Adoption Agreement authorizes the Hancock Defendants to apply a transfer adjustment factor to the Plan's July 2005 request for an unscheduled lump sum transfer of the Plan's assets held in the Trust. Adoption Agreement, § II.D. Accordingly, pursuant to the governing Seventh Circuit authorities cited above, such adherence to the terms of the Adoption Agreement was insufficient to make any of the Hancock Defendants fiduciaries under ERISA.

Accordingly, having failed to allege facts sufficient as a matter of law to make any of the Hancock Defendants ERISA fiduciaries to the Plan, Count III of the Complaint must be dismissed. *See Blickenstaff v. R.R. Donnelley & Sons Co. Short-Term Disability Plan*, No. IP 00-983-C-B/S, 2001 WL 87480, *4-5 (S.D. Ind. Jan. 29, 2001) (court granted defendants' motion to dismiss on the grounds that plaintiff insufficiently pled defendants' fiduciary status under ERISA. Specifically, the court stated that "all that [the Plaintiff] alleges is that her claim for benefits was wrongfully denied" and "[n]o mention is made of [defendants'] discretionary authority or discretionary control in the management or in the administration of the Plan.")[8]

---

term is bargained for at arm's length, adherence to that term, at a pre-determined price, is not a breach of fiduciary duty.") (citations omitted).

[8]   Unreported cases are attached hereto as part of the Appendix of Unreported Cases.

12

### 2. The Breach of Fiduciary Duty Claim Should Also be Dismissed Because ERISA Does Not Authorize the Relief Sought Under the Amended Complaint for Breach of Fiduciary Duty

Count III of the Complaint must be dismissed for the additional reason that, the recovery of Plan benefits by individual participants (*i.e.*, the relief sought by the Plaintiffs in Count III)[9] is not a remedy found by the courts to be available as relief under ERISA for alleged breaches of fiduciary duty.  Rather, such relief is available solely through an action pursuant to ERISA Section 502(a)(1)(B) for the recovery of Plan benefits.[10]

Under ERISA, relief for breaches of fiduciary duty is available through Sections 502(a)(2)[11] and 502(a)(3).[12]  The recovery of Plan benefits by an individual participant, however, is not available under Section 502(a)(2) because, pursuant to the U.S. Supreme Court, that provision only authorizes the recovery of losses incurred by a plan as a whole as distinguished from the recovery of losses incurred by any individual Plan participant or participants.  *See Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140

---

[9] Specifically, the Amended Complaint's Count III alleges that "[p]ursuant to 29 U.S.C. § 1132, plaintiffs are entitled, in part, to the following relief: judgment versus such defendants by reason of the breach of their fiduciary duties *for an amount equal to all benefits denied*, interest on such *denied benefits* and attorney fees." Amended Complaint, ¶ 58 (emphasis supplied).

[10] *See* fn. 4, *supra*.

[11] Section 502(a)(2) provides, in relevant part:

> A civil action may be brought
>
> (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under § 409.

29 U.S.C. § 1132(a)(2).

> Section 409 provides, in relevant part:
>
> (a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from each such breach …

29 U.S.C. § 1109(a).

[12] *See* fn 4, *supra*.

13

(1985) (relief for a breach of fiduciary duty claim under §502(a)(2) "inures to the benefit of the plan as a whole"). *See also Magin v. Monsanto Co.*, 420 F.3d 679, 687-88 (7th Cir. 2005) (Recovery for a breach of fiduciary duty claim brought pursuant to Section 502(a)(2) "must go to the plan as a whole, and not the individual beneficiary"); *Plumb v. Fluid Pump Service, Inc.*, 124 F.3d 849, 863 (7th Cir. 1997) ("An order granting 'individual benefits to a single participant … is not available under section 502(a)(2) … as it in no sense 'inures to the benefit of the plan as a whole'." quoting *Coyne & Delany Co. v. Blue Cross & Blue Shield of Virginia, Inc.*, 102 F.3d 712, 715 (4th Cir. 1996) (internal quotations omitted)).

Likewise, ERISA Section 502(a)(3), which authorizes the recovery of "appropriate equitable relief," has been deemed an inappropriate mechanism for an individual plan participant's attempt to recover Plan benefits. In *Varity v. Howe*, 516 U.S. 489 (1996), the U.S. Supreme Court held that individual plan participants can seek the recovery of appropriate "equitable relief" for alleged breaches of fiduciary duty. 516 U.S. at 507-15. The Court further observed that "we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate'." *Id.* at 515. Applying this analysis, virtually all lower courts have held that a plan participant or beneficiary cannot recover plan benefits under Section 502(a)(3), inasmuch as such relief is already available under ERISA Section 502(a)(1)(B). *See Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084, 1088-89 (11th Cir. 1999) (notwithstanding the fact that plaintiff's 502(a)(1)(B) claim failed on its merits, the Eleventh Circuit, based on *Varity*, affirmed the dismissal of plaintiff's

14

502(a)(3) claim because the claim was in substance a claim for benefits under 502(a)(1)(B)); *Tolson v. Avondale Industries, Inc.*, 141 F.3d 604, 610 (5th Cir. 1998) (Section 502(a)(3) claim was properly dismissed when plaintiff's claim was merely a claim for benefits and should have been brought pursuant to Section 502(a)(1)(B)); *Lefler v. United Healthcare of Utah, Inc.*, No. 01-4228, 72 Fed. Appx. 818, 826 (10th Cir. Aug. 14, 2003) (affirming dismissal of plaintiffs' 502(a)(3) claim on the grounds that 502(a)(1)(B) provided an adequate basis for recovering requested relief). *See also Herman v. Central States, Southeast and Southwest Areas Pension Fund*, 423 F.3d 684, 695 (7th Cir. 2005) (Seventh Circuit quoted the above- stated language from *Varity* and further commented that "the Supreme Court has cautioned against using the action for breach of fiduciary duty under ERISA to litigate 'ordinary benefit claims'.").

Accordingly, Count III, which seeks relief in an "amount equal to all benefits denied …" on the basis of Defendants' alleged breaches of fiduciary duty (Amended Complaint, ¶ 58), must be dismissed as to the Hancock Defendants because the Amended Complaint not only fails to allege facts sufficient to make the Hancock Defendants fiduciaries but also because plan benefits cannot be recovered as relief on a claim for breach of fiduciary duty, as distinguished from an action under ERISA § 502(a)(1)(B) for the recovery of Plan benefits.

### C. Count II of the Amended Complaint is Insufficiently Pled

Federal Rule of Civil Procedure, Rule 12(e) provides, in relevant part, as follows:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

15

Fed. R. Civ. P. 12(e).  When relief for a particular claim is requested under Rule 12(e), rather than 12(b)(6), the Seventh Circuit "urge[s] district courts to keep [cases] moving, and if [a] claim is unclear, the court should require a plaintiff to prepare a more definite statement under Rule 12(e) instead of 'lavishing attention on the complaint until the plaintiff gets it just right'."  *Scott v. City of Chicago*, 195 F.3d 950, 952 (7th Cir. 1999), quoting *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998).  With respect to Count II of the Amended Complaint, a more definite statement is necessary before Defendants should be required to submit their responsive pleading.

As it is currently pled, Count II of the Amended Complaint, in pertinent part, merely states that the "defendants' [*sic*] had a fiduciary duty and contractual obligation owed to the plan participants to accrue [and] pay [*sic*] interest on the sums that the plan participants had invested in the [Trust]," "[t]he defendants breached their fiduciary duties and contractual obligations to provide full payments and/or credit for all interest earned on the sums that the plan participants had invested in the [Trust]" and "by reason of the failure and refusal of the defendants to accrue and/or pay or credit interest earned on the contributions made by the plaintiffs on the [Plan] and on the [Trust], the defendants denied the plaintiffs benefits which are attributable to the under the [Plan]."  Amended Complaint, ¶¶ 45, 47-48.

These "allegations" do nothing more than assert conclusory statements that purport to attach liability against Defendants under ERISA.  Notwithstanding the detailed provisions of the Adoption Agreement as to how, and at what rates, interest would be credited to Plan contributions by the Trust, Count II, fails to allege what contractual obligation(s) Defendants breached, how Defendants breached such contractual

16

obligation(s) to the Plan, and the amount of Plaintiffs' alleged harm resulting from Defendants' supposed breaches.

Without a more definite statement of Count II, Defendants cannot reasonably be expected to respond to Plaintiffs' claim. The factual and legal allegations that are missing are necessary for Defendants to formulate their response under ERISA. For instance, the missing information will allow Defendants to determine whether Plaintiffs are alleging that Defendants failed to credit the contractually correct amount of interest in the aggregate to the Plan as a whole, or that the portion of such aggregate interest owing to the Plaintiffs was improperly allocated.[13]

Accordingly, the Hancock Defendants request that the Court order Plaintiffs to file a more definite statement as to Count II of the Amended Complaint. *See Scott*, 195 F.3d at 952; *Baron v. United States Steel Corp.*, 649 F. Supp. 537, 543 (N.D. Ind. 1986) (court, on its own motion, ordered plaintiff to file a more definite statement in order to state "the exact grounds of his ERISA claim.")

## V.   CONCLUSION

For the foregoing reasons, the Hancock Defendants respectfully request that the Court enter an order dismissing Count I and Count III of the Amended Complaint and order Plaintiffs to file a more definite statement as to Count II of the Amended Complaint.

---

[13]    It bears noting that even though Defendants cannot determine Plaintiffs' basis for relief in Count II, should the court determine that the claim is asserting a breach of fiduciary duty claim, it should be dismissed as a matter of law for the same reasons as Plaintiffs' other breach of fiduciary duty claim (Count III). *See* Sections B.1. & B.2, *supra*.

Respectfully submitted,

**BAKER & DANIELS LLP**

By:   s/Thomas J. Brunner
   Thomas J. Brunner (#2954-71)
   Alison G. Fox (#21321-71A)
   Suite 250, First Bank Building
   205 West Jefferson Boulevard
   South Bend, Indiana  46601
   Telephone:  (574) 234-4149
   Facsimile:   (574) 239-1900

   and

   Waldemar J. Pflepsen, Jr. (*pro hac vice*)
   Stephen H. Goldberg (*pro hac vice*)
   **JORDEN BURT LLP**
   1025 Thomas Jefferson Street, N.W.
   Suite 400 East
   Washington, DC  20007
   Telephone:  (202) 965-8100
   Facsimile:   (202) 965-8104

   *Attorneys for Defendants John Hancock Funds, Inc., John Hancock Funds Inc. Group Trust and John Hancock Mutual Life Insurance Co.*

#166148v3

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of August, 2006, I filed the foregoing ***MEMORANDUM OF LAW IN SUPPORT OF THE HANCOCK DEFENDANTS' MOTION TO DISMISS COUNTS I AND III OF THE FIRST AMENDED COMPLAINT AND FOR A MORE DEFINITE STATEMENT WITH RESPECT TO COUNT II*** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following parties:

>Robert E Stochel
>res@reslaw.org,
>
>Glenn S Vician
>bhbv2@netnitco.net
>
>Mark J Crandley
>mcrandley@btlaw.com,
>
>Cintra D B Geairn
>Cgeairn@hwelaw.com
>
>F Joseph Jaskowiak
>jjaskowiak@hwelaw.com

\_\_\_\_\_s/Thomas J. Brunner_____

BDDB01 4488497v1