```
                 UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF INDIANA
                       HAMMOND DIVISION


LAURA BODNAR, et al.,           )
                                )
          Plaintiffs            )
                                )
     v.                         )    Case No. 2:06 cv 87
                                )
JOHN HANCOCK FUNDS, INC.; BISYS )
GROUP, INC.; INVESTORS BANK AND )
TRUST COMPANY; JOHN HANCOCK     )
FUNDS INC. GROUP TRUST; JOHN    )
HANCOCK MUTUAL LIFE INSURANCE   )
CO.,                            )
                                )
          Defendants            )
```

OPINION AND ORDER

This matter is before the court on the Motion to Stay Discovery Pending Resolution of Dispositive Motions filed by the defendant, Bisys Group, Inc., on August 31, 2006 (DE 45) and the Motion for Protective Order To Stay Discovery Pending Resolution of their Dispositive Motion filed by the John Hancock defendants on September 7, 2006 (DE 48). On March 29, 2007, the plaintiffs filed a Motion to Deny Bisys' Motion for Summary Judgment or in the Alternative to Continue Same Pending Completion of Discovery (DE 68), which is pending before the district court. For the reasons set forth below, the Bisys Group motion to stay (DE 45), is **GRANTED** pending resolution of the plaintiffs' Rule 56(f) motion (DE 68), and the motion to stay (DE 48) filed by the Hancock defendants is **GRANTED**.

Background

This matter arises from the complaint filed by a 401(k) plan administered on behalf of the law firm Bowman, Heintz, Boscia &

Vician P.C. (the Plan) and numerous individual participants in the Plan. The complaint alleges that beginning in April 1995, the Plan was subject to a contract, referred to as the Adoption Agreement, with the John Hancock Funds, Inc. According to this agreement, a group trust was created on behalf of the Plan that annually purchased a group annuity contract as an investment vehicle for 401(k) plan contributions. (Complaint ¶¶ 14, 15)

Since the execution of the Agreement, Plan participants routinely made contributions and withdrawals from the group trust. (Cmpl. ¶ 15) One of the funds available through the group trust was the John Hancock "Stable Value Trust" fund.  According to the plaintiffs, for more than 10 years under the Adoption Agreement, they never were charged fees based upon a "transfer adjustment factor," though such fees were contemplated by the Agreement. (Cmpl. ¶¶ 17, 18)

From the inception of the Agreement in 1995 until June 2001, John Hancock provided the Plan with what it considered a full service 401(k) package. However, in June 2001, John Hancock divested itself of pension administration and record-keeping services, and these tasks ultimately fell under the control of defendant, Bisys Group. (Cmpl. ¶¶ 24, 25)  In addition, the parties' Adoption Agreement included a provision stating that, when the Plan ceased to be a full service 401(k) client of John Hancock, the Plan "shall be deemed to have requested an Unscheduled Transfer of its entire transferable balance . . ." (Cmpl. ¶

2

22)   Nevertheless, no transfer fee was assessed in June 2001, when this event occurred. (Cmpl. ¶ 29)

In July 2005, the Plan notified Bisys of its intent to transfer all assets from the Stable Value fund to other investments. (Cmpl. ¶ 31) Bisys represented that the expenses associated with the transfer would be less than $1,500. (Cmpl. ¶ 35) However, the total assessment for all Plan participants amounted to more than $45,000. (Cmpl. ¶ 38)

Based upon these allegations, the plaintiffs alleged that Bisys and various John Hancock entities violated ERISA when they wrongfully denied benefits (Count I), failed to pay interest earned on the Stable Value Fund investments (Count II), and breached fiduciary duties by withholding information regarding the existence of the transfer fee (Count III). The plaintiffs also brought these claims as class allegations.

The John Hancock defendants filed a motion to dismiss on August 9, 2006. In this motion, the John Hancock defendants claim that Count I should be dismissed because the terms of the Adoption Agreement allow assessment of a "lump sum transfer fee," Count III should be dismissed because the complaint does not allege facts to demonstrate that the Hancock defendants were fiduciaries to the Plan, and because only the Plan, not individuals, is entitled to a remedy under ERISA. Finally, the John Hancock defendants moved for clarification of Count II under Federal Rule of Civil Procedure 12(c).

3

On August 31, 2006, Bisys moved for summary judgment, claiming that the plaintiffs' claims only can be asserted against the Plan itself, that Bisys was not a fiduciary to the Plan, that the damages the plaintiffs seek are not available under ERISA, and finally, that the fees assessed were permitted under the parties' agreement. The plaintiffs responded to the motion for summary judgment with a motion pursuant to Federal Rule of Civil Procedure 56(f), seeking a delay of the ruling on that motion pending further discovery. In the meantime, both the John Hancock defendants and Bisys have filed motions to stay discovery pending resolution of their respective dispositive motions. The motion to dismiss filed by the John Hancock defendants, the motion for summary judgment filed by Bisys, and the Rule 56(f) response to that motion are before the district court. The motions to stay filed by the defendants (DE 45 and 48) are before this court pursuant to 28 U.S.C. §636(b)(1)(A) and Local Rule 72.1(c).

## Discussion

Federal Rule of Civil Procedure 26(b) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." However, Rule 26(c) further provides that, upon good cause shown, the court may enter orders that, among other remedies, foreclose or delay discovery "to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." See *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 336 (N.D. Ill. 2005).

4

The filing of a motion to dismiss or for summary judgment by itself does not mandate a stay of discovery pending resolution of that motion, nor does the right to discovery invariably continue in light of a pending dispositive motion. *In re Sulfuric Acid*, 231 F.R.D. at 336; *Sprague v. Brook*, 149 F.R.D. 575, 577-578 (N.D. Ill. 1993). See also *Walsh v. Heilmann*, 472 F.3d 504, 505 (7th Cir. 2006). Rather, the determination to stay discovery is based upon the individual case and whether ongoing discovery is "unlikely to produce facts necessary to defeat the motion." *Sprague*, 149 F.R.D. at 577. See also *Orlando Residence, Ltd., v. GP Credit Company, LLC*, 2006 WL 2849866 at *7 (E.D. Wis. Sept. 29, 2006) ("Limitations on pretrial discovery are appropriate where claims may be dismissed based on legal determinations that could not have been altered by any further discovery.")(internal quotations and citations omitted).

In their motion to dismiss, the John Hancock defendants first argue that the parties' agreement permitted the assessment of the "lump sum transfer fee," and the plaintiffs responded that the course of the parties' performance precluded assessment of this fee. The defendants further base their motion to dismiss on the argument that the plaintiffs have "failed to allege facts" that demonstrate the John Hancock defendants were fiduciaries to the Plan. In response, the plaintiffs claim to have sufficiently plead that the John Hancock defendants were fiduciaries who exercised discretionary control over the fund. A defendant's status as a fiduciary is gauged by the parties' agreement as well

5

as a factual inquiry into the performance of the party's obligations. See *Ruiz v. Continental Casualty Company*, 400 F.3d 986, 990 (7th Cir. 2005) (quoting *Mertens v. Hewitt Associates*, 508 U.S. 248, 262, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993))("The measure of whether a person is a fiduciary is not whether that person is formally designated as such. Instead, a fiduciary should be viewed 'in functional terms of control and authority over the plan.'").

The merits of these arguments will be addressed by the district court. In the meantime, the standard under which they will be addressed, accepting as true all of the well-pleaded facts alleged by the plaintiffs and all reasonable inferences that can be drawn therefrom, indicates why further discovery is not necessary prior to resolution of the Hancock defendants' motion. See *Treadway v. Gateway Chevrolet Oldsmobile, Inc.*, 362 F.3d 971, 981 (7th Cir. 2004). To the extent that the plaintiffs seek to avert dismissal on the basis of the factual circumstances, such as the allegation that the defendants' conduct created a fiduciary relationship, discovery of these facts is unnecessary in response to a motion to dismiss. See *In re Sulfuric Acid*, 231 F.R.D. at 336-337.  See also *Mossman v. Dental Enterprises*, 2005 WL 1174150 at *3 (N.D. Ind. May 9, 2005) ("The defendants demand more of the complaint than the rules require. For Mr. Mossman's complaint to survive a motion to dismiss, he need not include all the facts or law showing he can prevail on his claim."). The plaintiffs' claims on a motion to dismiss will

6

be subject to no more stringent a standard than the notice pleading standard described under the Federal Rules. Because the plaintiffs need only show that they can prevail on any set of facts in response to a motion to dismiss, it is not necessary that they engage in immediate discovery regarding the actual facts of these circumstances.  *See* Federal Rule of Civil Procedure 8(a)(2); ***Toney v. L'Oreal USA, Inc***., 406 F.3d 905, 908 (7th Cir. 2005) ("Toney was required only to provide the defendants with fair notice of what the plaintiff's claim is and the grounds upon which it rests.") (internal citations and quotations omitted) Accordingly, the John Hancock defendants' motion to stay is **GRANTED.**

The summary judgment motion filed by Bisys Group raises the similar, if not identical, arguments raised in the Hancock defendants' motion to dismiss. Specifically, Bisys asserts that the plaintiffs are legally precluded from naming them, rather than the Plan itself, as the defendant, that Bisys was not in a fiduciary relationship with the plaintiffs, and that the transfer fees were permitted by the agreement.

The defendants, however, have placed this motion in a different procedural posture. Had Bisys brought these arguments as a motion to dismiss, the same general conclusion reached with respect to the Hancock defendants again would be warranted. However, Bisys brought its motion pursuant to Federal Rule of Civil Procedure 56. Bisys notes that the plaintiffs did not include the Adoption Agreement in the pleadings, though reciting

7

in their complaint that the Adoption Agreement was incorporated into the complaint. Accordingly, because matters outside the pleadings formed the basis for its motion, Bisys filed it as a summary judgment motion.[1]

As a result, Bisys' motion for summary judgment is subject to the Rule 56(f) motion that the plaintiffs filed in response. Accordingly, this question - whether the plaintiffs must be granted additional discovery prior to ruling on the summary judgment motion - is before the district court. Further, the status of the briefing on these matters is not clear. The John Hancock defendants' motion to dismiss was filed on August 9, 2006 (DE 33). Following an extension of time in which to respond, the plaintiffs filed a response on September 6, 2006 (DE 47). However, the plaintiffs also filed a motion for an extension of time in which to respond to this motion to dismiss on March 26, 2007. (DE 66) The motion was granted, and the plaintiffs were given until May 11, 2007, to file a response. However, no additional response was filed within this period.  Because of uncertainty surrounding the status of the briefing, the court orders that, if a response to the Hancock defendants' motion to dismiss is going to be filed, it must be accomplished no later than **June 14, 2007**. The reply brief shall be filed no later than **June 29, 2007.**

---

[1] Whether the Hancock defendants' reliance on the Agreement will require their motion to be converted to a summary judgment motion will be addressed, if necessary, by the district court.  However, the court notes that even though the document was not attached to the complaint, it was not necessary to move for summary judgment instead of filing a motion to dismiss.  See **Minch v. City of Chicago**, 2007 WL 1394541 at *8 n.3 (7th Cir. 2007).

Finally, in the interest of consistency, the court GRANTS the motion for a protective order filed by the defendant, Bisys, only until such time that the question is addressed by the district court in the course of ruling on the plaintiffs' Rule 56(f) motion.

_____

For the foregoing reasons, the Motion to Stay Discovery Pending Resolution of Dispositive Motions filed by the defendant, Bisys Group, Inc., on August 31, 2006 (DE 45), and the Motion for Protective Order To Stay Discovery Pending Resolution of their Dispsositive Motion (DE 48) are **GRANTED**.

ENTERED this 30th day of May, 2007

                                        s/ ANDREW P. RODOVICH
                                            United States Magistrate Judge